*1191 OPINION.
Murdock:
The petitioners in these cases contend (1) that the partnership of which they were members had a right to set up a reserve for bad debts, and (2) that the reserve set up was reasonable. At the start we might point out that the evidence does not disclose what addition was made to the reserve for the year 1925 and also that the reserve which was set up and deducted for the year 1922 was intended to be a reserve for both the year 1921 and the year 1922, but in our decision of the case these points become unimportant.
According to the statement of counsel for the petitioners, the total of the charges on account of debts considered worthless which were made against the reserve was less than one-third of the total of the original reserve and the additions made thereto during the taxable years. Not only have the petitioners completely failed to show what a reasonable addition to a reserve for bad debts for each of the taxable years would be, but they have pretty successfully demonstrated that the additions which they seek to deduct are excessive. The Commissioner has refused to allow the petitioners to benefit by the use of the reserve method in their partnership, but, instead, has allowed the deduction, as debts ascertained to be worthless, of the total amount which the partnership charged against its reserve on account of debts which it considered to be worthless. We do not think that the petitioners are entitled to deduct any greater amounts than the Commissioner has allowed.

Judgment will he entered for. the, respondent.